*E-Filed: October 21, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMACKER BULLWINKLE,<br><br>    Plaintiff,<br>  v.<br><br>U.S. BANK, NATIONAL ASSOCIATION; CITIMORTGAGE, INC.; NORTHWEST TRUSTEE SERVICES, INC., and DOES 1-25,<br><br>    Defendants.<br>_____/ | No. C13-03281 HRL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>**[Re: Docket No. 6]** |

    Plaintiff Amacker Bullwinkle sues defendants for alleged violations of state and federal law in connection with her mortgage and pending foreclosure. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and request judicial notice of several documents in support thereof.[1] Plaintiff opposes the motion. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers, as well as arguments presented at the hearing, the Court grants the motion to dismiss without leave to amend.

BACKGROUND

---

[1] The motion to dismiss was filed by defendants Citimortgage, Inc. and U.S. Bank, National Association. Having previously declared non-monetary status pursuant to Cal. Civil Code § 2924*l*, to which no party objected, defendant Northwest Trustee Services, Inc. was under no obligation to participate further in the litigation. Nevertheless, it joined in the motion to dismiss.

Plaintiff alleges she obtained a mortgage from ABN AMRO Mortgage Group ("ABN") in 2003. Then, through a series of fraudulent and/or non-existent assignments, defendant U.S. Bank National Association ("U.S. Bank") claims to have an interest in plaintiff's mortgage. Defendant Northwest Trustee Services, Inc. ("Northwest") purports to be the trustee pursuant to a Substitution of Trustee signed by an agent of defendant Citimortgage, Inc. ("CMI") as attorney in fact for U.S. Bank. U.S. Bank and Northwest initiated non-judicial foreclosure proceedings. However, says plaintiff, because the assignments were ineffective, the defendants' interests are invalid, and the foreclosure is unlawful. Consequently, defendants violated California's Unfair Competition Law (UCL) and are liable for negligence and negligent misrepresentation.[2]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1950. A claim is plausible if its factual content permits the court to draw a

---

[2] Plaintiff's complaint also asserts claims for an injunction under California Civil Code § 2924.12 and declaratory relief. However, in the reply and at the hearing, plaintiff conceded that these claims cannot be maintained. Accordingly, they are dismissed without leave to amend.

2

reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). "[A] court may take judicial notice of matters of public record." *Lee v. Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotations omitted).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1997 (N.D. Cal. 2010) (citing *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

1. Violations of the UCL

"To bring a claim under the UCL, . . . Plaintiff[] must have suffered an injury in fact and lost money or property as a result of [the] alleged unfair or fraudulent practices." *DeLeon v. Wells Fargo Bank*, No. 10-CV-01390, 2011 WL 311376 at *7 (N.D. Cal. Oct. 22, 2010) (citing Cal. Bus. & Profs. Code § 17204; Clayworth v. Pfizer, 49 Cal. 4th 758, 788 (2010)). Here, plaintiff's alleged injuries are: (1) lost money due to payment to defendants based on false representations; (2) lost money by having to retain an attorney; and (3) negative impact on her credit report.

First, Plaintiff does not allege that she paid more than she was obligated to under her loan, only that she has paid the wrong entity. Thus, she has not actually been deprived of any money. Second, that she has incurred legal costs cannot be the basis of her injury. *See Thompson v. Residential Credit Solutions*, No. CIV. 2:11-2261, 2012 WL 260357 (E.D. Cal. Jan. 26, 2012) (rejecting argument that costs and attorney's fees can form basis of UCL claim). Finally, damage to a credit report is not in itself a sufficient legal injury. *See Knippling v. Saxon Mortg, Inc.*, No. 11-03116, 2012 WL 1142355, at *2 (E.D. Cal. Mar. 22, 2012) ("[T]he mere reporting of negative

1 information on a credit report, without some evidence of further damage, does not rise to the level of
2 loss of property or money." (citing *Sarver v. Experian Info. Solutions*, 390 F.3d 969 (7th Cir.
3 2004)).

4     At the hearing, when asked by the Court to address the shortcomings of plaintiff's alleged
5 injruies, counsel only asserted that the actual harm caused by the defendants was a "cloud on title."
6 However, as with the harms alleged in the complaint, counsel could not plausibly allege that it was
7 suffered independently from plaintiff's default on her mortgage. Thus, because plaintiff cannot
8 assert that she has suffered a legally cognizable harm caused by the defendants' alleged violation of
9 the UCL, this claim is dismissed without leave to amend. *See Gyene v. Steward Financial, Inc.*, No.
10 CV 12-04355, 2013 WL 146191 at *4 (C.D. Cal. Jan. 11, 2013) (dismissing with prejudice UCL
11 claim where plaintiff only offered conclusory assertion that title was clouded as a result of
12 defendants' alleged unfair business practices, as opposed to their own failures to make payments on
13 their mortgage).

14     2. Negligence

15     Defendants argue that plaintiff has failed to adequately allege any of the elements of
16 negligence: duty, breach, causation, and injury. "[F]or purposes of a negligence claim, as a general
17 rule, a financial institution owes no duty of care to a borrower . . . ." *Das v. Bank of America*, 186
18 Cal. App. 4th 727, 740 (2010); s*ee also Pok v. American Home Mortg. Servicing*, No. 09-2385,
19 2010 WL 476674 ("[L]oan servicers do not owe a duty to the borrowers of the loans they service.").
20 "Absent 'special circumstances' a loan transaction 'is at arms-length and there is no fiduciary
21 relationship between the borrower and lender.'" (quoting Oaks Management Corp. v. Superior
22 Court, 145 Cal. App. 4th 453, 466 (2006)). Plaintiff has not alleged any such special circumstances
23 that would confer a duty on any of the defendants. Moreover, as discussed above, plaintiff has not
24 established that the defendants caused a cognizable injury to the plaintiff. Thus, plaintiff's claim for
25 negligence is dismissed without leave to amend.

26     3. Negligent Misrepresentation

27     Finally, plaintiff alleges that U.S. Bank negligently misrepresented its status as beneficiary
28 under the deed of trust. Her alleged injury is that by making payments to US Bank, she has an

4

outstanding debt to the "real" beneficiary. However, no other entity claims to be owed this debt. Moreover, even assuming exposure to potential liability could amount to a legal injury, it does not exist here. Assuming the assignments of plaintiff's mortgage were ineffective, then ABN (the original beneficiary) would still be the lawful beneficiary. The Court takes judicial notice of the fact that defendant CMI is the successor in interest to ABN as the result of a 2007 merger.[3] Thus, even if plaintiff's allegations about fraudulent or nonexistent assignments were to be proven true, CMI would be the lawful beneficiary to whom she owes the outstanding debt. At the hearing, counsel for CMI represented that CMI does not dispute the effectiveness of the assignment or claim any interest in the mortgage. Accordingly, plaintiff does not owe an outstanding debt to a third party as a result of making payments to U.S. Bank. Plaintiff cannot state a cognizable injury, and her claim for negligent misrepresentation is dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss plaintiff's complaint without leave to amend. The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: October 21, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's Complaint, Dkt. 7, Ex. 3 The Court grants the defendant's request for judicial notice with respect to Exhibit 3, Certificate of Merger filed with the State of New York Department of State, as it is a public record whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b); *see,e.g.*, *DeLeon*, 2010 WL 4285006, at *2-3 (taking judicial notice of letter of merger from Comptroller of the Currency). The Court denies as moot defendants' request for judicial notice of the remaining documents as they were not considered in deciding this motion.

**C13-03281 HRL Notice will be electronically mailed to:**

Jacob N Harker     jacob@harkercounsel.com

Regina Jill McClendon     rmcclendon@lockelord.com, chicagodocket@lockelord.com, nhilliard@lockelord.com

Robert Betuel Norum     rnorum@northwesttrustee.com

Sally Weiss Mimms     smimms@lockelord.com, chicagodocket@lockelord.com, nhilliard@lockelord.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**